IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

PEGGY ANN BARKER,

        Plaintiff,

V.                          CIVIL ACTION NO. 3:08-0801

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application for disability insurance benefits on September 1, 2005, alleging disability commencing June 30, 2005, as a consequence of carpal tunnel and arthritis, COPD, emphysema, osteoporosis, high cholesterol, thyroid (cancer) and high blood pressure. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was sixty years of age and had obtained a GED. Her past relevant employment experience consisted of work as a family support supervisor and janitor. In his decision, the administrative law judge found that plaintiff suffered from generalized osteoarthritis, bilateral pain in the thumbs, worse in the left, carpal tunnel syndrome, and smoker's chronic obstructive pulmonary disease, impairments which he considered severe. The administrative law judge determined that plaintiff was able to perform her past work and had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court, plaintiff contends that it was improper for the administrative law judge to adopt the residual functional capacity opinion of Dr. Chillag because he considered her age in determining her abilities. According to SSR 96-8P, "It is incorrect to find that an individual has limitations or restrictions beyond those caused by his or her medical impairments ... due to factors such as age ... Age and body habitus are not factors in assessing RFC in initial claims." While the Court acknowledges that Dr. Chillag considered plaintiff's age in determining her abilities, which is improper according to the aforesaid ruling, it does not appear that plaintiff has been prejudiced in any way. If anything, the consideration of plaintiff's advanced age would be beneficial to her with regard to her physical abilities.

Additionally, plaintiff alleges that the administrative law judge came to an improper residual functional capacity by not including any limitation on her manipulation based on her osteoarthritis and carpal tunnel syndrome. It is clear that the administrative law judge considered these two impairments, found them to be severe, and included limitations on her ability to lift and carry based on these findings. It is also apparent that Dr. Walker, her primary care physician, and Dr.

2

Hannington, her orthopedist, did not believe that her arthritis or any other impairment was disabling. She requested that both of these treating physicians complete forms to aid her in obtaining disability benefits, and each refused to do so because they did not believe she was disabled.[1] Throughout her treatment she has only had mild clinical findings that do not support limitations she alleges, and treatment notes in the record tend to support the administrative law judge's assessment.

Plaintiff also asserts that the Commissioner failed to make specific findings of fact regarding her past work. According to SSR 82-62, "In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain ... the following specific findings of fact: (1) A finding of fact as to the individual's RFC, (2) A finding of fact as to the physical and mental demands of the past job/occupation, (3) A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." Plaintiff concedes that the first requirement has been met, as it is clear that the administrative law judge established her residual functional capacity. Also, after reviewing the record, it is clear that the administrative law judge also made findings that satisfy the second and third requirements. He stated that her past work, as she described it, was sedentary, requiring her to sit for six hours, walk for one hour, stand for one hour, and lift not more than ten pounds. He also found that the work did not require her to climb ladders, ropes, or scaffolds or perform more than occasional postural activities, and that she was not exposed to hazards, air pollutants, or temperature extremes. The administrative law judge then agreed with the vocational expert that she was capable of performing her past work based on her residual functional capacity and the demands of the job. Plaintiff alleges that she was unable to do the work, not because of the

---

[1] On March 29, 2005, Dr. Walker noted that "I do not feel that I could support keeping her off work for medical reasons with the diagnosis that I am following her for." On April 21, 2006, Dr. Hannington stated that "Her metacarpal joint epiphyseal arthritis is not a disabling condition."

sitting, but because of the typing and talking on the phone that was required. However, the administrative law judge did not find evidence to support any restriction on her fine manipulation or dexterity. Clearly, this argument lacks merit, as it is clear that her residual functional capacity encompasses all of these activities.

Plaintiff also contends that the Commissioner committed reversible error by finding that there were other jobs in the national economy she could perform. Review of the record makes clear that this was an alternate finding, and because substantial evidence supports the finding regarding her past relevant work, any potential error with this finding is not considered.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, and the weight given various medical opinions are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: December 11, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE